IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 3:01cr213(AVC) |
| | : |
| JOSUE MEDINA, et al, | : |
| Petitioner/Defendant | : |

MOTION FOR SENTENCE MODIFICATION
PURSUANT TO 18 U.S.C. § 3582(c)(2)

NOW COMES, Josue Medina, Petitioner in the above referenced matter and pursuant to 18 U.S.C. § 3582(c)(2), and the legal principles governing its implementation, moves this Court to order an updated P.S.R. (Probation Services Report) and to schedule a Sentencing Hearing to modify the term of imprisonment previously imposed upon him. **Time is of the essence as if the Court awards the Petitioner a 2-level reduction, his sentence will have expired.**

In support of this Motion, your Petitioner avers that:

1.) He has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission pursuant to 28 USC § 994(o); (see copy of Court's Judgement & Commitment attached as Exhibit -A-)

2.) Pursuant to 28 USC § 994(o), the U.S. Sentencing Commission promulgated amendments No. 706 and No. 711, amending the Drug Quantity Table in USSG § 2D1.1, in such a way that base offense levels for crack offenses are two levels lower than they were prior to the amendments;

3.) The amended guidelines has been rendered retroactive as of December 11, 2007, and the Commission had filed and published a policy statement entitled "REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE" to take effect on March 3, 2008;

4.) A modification of the previously imposed sentence would be appropriate after consideration of the applicable policy statements issued by the Sentencing Commission (§ 1B1.10) in conjunction with the factors listed in 18 USC § 3553(a);

5.) In the event of a two level adjustment to the Base Offense Level with a new sentence imposed as contemplated by the amendment, your Petitioner will be eligible for half-way house immediately;

6.) Upon information and belief, Petitioner is eligible for an adjustment in his sentence greater than that suggested in the advisory Guideline and the amended policy statement under § 1B1.10, in accordance with § 3553(a);

7.) Modification would allow for a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in 18 USC § 3553(a)(2).

WEHREFORE, your Petitioner respectfully requests this Court to; (1) appoint Counsel and arrange for the Petitioner's presence in Court; (2) order an updated P.S.R.; (3) determine the proper Guideline range under the amendment; (4) consider factors under 18 USC § 3553(a), including updated policy statements of the Commission; (5) determine if a Guideline or non-Guideline sentence is appropriate; and (6) impose a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a).

Respectfully,

*Josue Medina*
Josue Medina, pro se